# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT LAWRENCE WILLIAMS,**<br>Plaintiff**,**<br>vs.<br>**CITY OF OAKLAND, ET AL.,**<br>Defendants**.** | CASE NO. 17-cv-05238-YGR<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 17 |

On September 11, 2017, plaintiff Robert L. Williams, proceeding *pro se*, filed a complaint appearing to allege unlawful search and seizure, false imprisonment, and racial profiling and discrimination as a result of inadequate training. (Dkt. No. 1, Complaint ("Compl.").)[1] The complaint charges a number of defendants, including the City of Oakland (the "City"), the Oakland Police Department ("OPD"), Chief of Police Anne Kirkpatrick, and Officers Alejandro Padilla, James Yamashita, and Mariza Rivera.[2] (*Id.*) Defendants Kirkpatrick, Padilla, Yamashita, and Rivera, as well as the City, now move to dismiss Williams' complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6).[3] (Dkt. No. 17, Motion to Dismiss

---

[1] Citations to the complaint refer to the ECF page numbers.

[2] Plaintiff also complains about the County of Alameda, Alameda County District Attorney's Office, including Kim Hunter, Alameda County Public Defender's Office, and the presiding judge(s) for events that occurred following his arrest but prior to his release on August 27, 2018, including adjudication of a petition to revoke plaintiff's probation and an apparent plea deal. (Compl. at 9-11.) Specifically, plaintiff claims that the revocation of probation was characterized by the relevant parties as "felony" probation, however plaintiff argues that the operative charge governing his probation was a misdemeanor, not a felony. (*Id.* at 11.) In so claiming, plaintiff adds allegations of cruel and unusual punishment, violations of his right to effective counsel, violations of his bail rights, and reiterates his charges of discrimination and false imprisonment. (*Id.* at 14.) However, none of the aforementioned individuals are named as defendants in plaintiff's lawsuit and generally judicial proceedings do not afford private causes of action. The Court views these allegations as background only.

[3] "Defendant OPD" has not technically answered Williams' complaint and does not

("Motion").)

Having carefully considered the pleadings, the papers submitted,[4] and for the reasons set forth more fully below, the Court hereby **GRANTS IN PART** and **DENIES IN PART** defendants' motion to dismiss. Those claims for which the Court has granted defendants' motion are **DISMISSED WITHOUT PREJUDICE** and with leave to amend. Thus, Williams may file an amended complaint consistent with the instructions provided herein.

## I. BACKGROUND

The complaint alleges as follows:

Williams was arrested on Saturday, July 15, 2017 in Oakland, California. (Compl. at 5.) On the date of plaintiff's arrest, Yamashita approached and handcuffed Williams without announcing his presence or that he was placing Williams in handcuffs. (Compl. at 3.) Padilla then arrived, and the two officers put plaintiff in the back of Padilla's patrol car and detained him there for several hours without providing a reason for plaintiff's detention. (*Id.*) When the police sergeant arrived and told Williams that the police were arresting him, the sergeant did not provide plaintiff with a reason for his arrest. (*Id.* at 4.) While Williams sat in the back seat of Padilla's patrol car, unnamed officers told plaintiff that he had "misdemeanor court probation with a four-way search clause." (*Id.* at 9.)

At the time of Williams' arrest he was near his parked vehicle and had two cell phones in his possession. (*Id.* at 4.) An unnamed officer removed the two cell phones from plaintiff's car, one of which the officer retrieved at plaintiff's request, and put both phones in Padilla's car. (*Id.*) Unnamed officers instructed Williams to lock his car and noted that another officer would wait for the tow truck because although plaintiff had a valid registration, he had parked the truck in a tow-

---

appear to join the instant motion. However, OPD is a department of the City of Oakland. Counsel for the defense shall submit a filing forthwith with respect to its perspective on, and representation of, OPD.

[4] The Court has reviewed the papers submitted by the parties in connection with defendants' motion to dismiss. The Court has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

away zone. (*Id.*) Williams and the officers disagreed as to the applicability of the tow-away provision, and Williams noted that the provision was only in effect the first and third Tuesday of the month.[5] (*Id.*) Williams explained to the officers that he slept in the vehicle every night, that other trucks were parked in the area, and that he was attempting to reach his daughter to move the vehicle. (*Id.*) An unnamed officer replied that vehicle was incidental to a crime. (*Id.* at 5.) Plaintiff's vehicle was subsequently towed at the direction of Yamashita, with Rivera's input. (*Id.* at 6.)

Williams was in custody from his arrest on July 15, 2017 until his release on August 28, 2017, and plaintiff's two cell phones were returned to him on August 31, 2017. (*Id.* at 5-7.) One of plaintiff's phones was compromised and searched without his permission as Williams noticed that some saved emails had been deleted. (*Id.* at 6.) On August 30, 2017, Williams spoke with Rivera, who told him that "she had [the] phones taken for investigation on [July 15, 2017] and they were waiting for a search warrant." (*Id.*) Williams never received any property receipts or inventory records related to the confiscation of his two cell phones or the towing of his vehicle. (*Id.* at 7.)

Williams alleges that the individual defendants, who are all either Caucasian or Hispanic, engaged in the conduct described above as a result of racial profiling and discrimination on the basis of plaintiff's race. (*Id.* at 5, 6, 8.) Specifically, Williams argues that the City, the Chief of Police, and the OPD have failed to train properly their employees to avoid racial profiling and discrimination, particularly of African-American men and other people of color, which resulted in officer defendants' search and seizure of his person and property. (*Id.* at 3.)

**II.    LEGAL STANDARD**

    **a.    Motion to Dismiss Under Rule 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim

---

[5] The Court takes judicial notice of the fact that July 15, 2017 was a Saturday and July 18, 2017 was the third Tuesday of the month.

3

under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678–79. Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). Pro se pleadings must satisfy the same standard. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) (finding that courts must construe pro se pleadings liberally, but "those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong.").

### b. Stating a Claim for Relief Under Section 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. *See Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda County*, 811 F.2d 1243, 1245 (9th Cir. 1987).

## III. DISCUSSION

Defendants Kirkpatrick, Padilla, Yamashita, and Rivera, as well as the City, now move to dismiss plaintiff's complaint on the grounds that Williams fails to state a claim against the officer defendants for a search of his vehicle or seizure of his phones or his vehicle in violation of the

4

Fourth Amendment and fails to state a *Monell*, or supervisory liability, claim against the municipal defendants for lack of an underlying constitutional violation. *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). (Motion at 3.) The Court addresses each of the claims the plaintiff attempts to assert, namely (a) seizure of plaintiff's person; (b) seizure of his cell phones; (c) seizure of his vehicle; (d) search of his cellphone; and (e) *Monell* claims for municipal liability.

### A. Plaintiff's Fourth Amendment Claims Regarding Seizure of His Person

Williams alleges that officers Padilla and Yamashita held him in the back of Padilla's patrol car for several hours without any explanation as to why he was detained.[6] (Compl. at 3.) Accordingly, Williams appears to allege a claim for wrongful detention, false imprisonment, in violation of the Fourth Amendment. (*See id.* at 3, 8.)

Although defendants state in their motion to dismiss that "[p]laintiff was charged with assault with a deadly weapon other than a firearm and corporal injury to a spouse or cohabitant," the citation to which defendants point is not a record of arrest but a petition to revoke plaintiff's probation dated July 17, 2017, two days after his arrest.[7] This document does not suffice to prove that the violative conduct alleged within the petition was the basis for Williams' arrest on July 15, 2017.[8] Moreover, defendants' motion to dismiss does not address Williams' apparent claim of wrongful detention. (*See* Motion.) Accordingly, the Court **DENIES** defendants' motion as to plaintiff's claim of wrongful detention in violation of the Fourth Amendment.

### B. Plaintiff's Fourth Amendment Claims Regarding Seizure of His Cell Phones

Williams alleges that an unnamed officer removed two cell phones from plaintiff's car and placed both phones in Padilla's car. (Compl. at 4.) Plaintiff further alleges that on August 30,

---

[6] It is not clear from plaintiff's complaint when or if he was told the reason for his arrest on July 15, 2017. (*See* Compl.)

[7] The petition notes that the violative conduct, violations of Sections 245(a)(1) and 273.5 of the Penal Code occurred "on or about July 15, 2017." (Compl. at 15.)

[8] A claim for wrongful detention (false imprisonment) absent a cognizable claim for wrongful arrest will not ordinarily state an independent claim under Section 1983. *See Baker v. McCollan*, 443 U.S. 137, 142-45 (1979). However, without additional definitive information as to the basis and nature of plaintiff's arrest on July 15, 2017, the Court cannot make a determination as to the sufficiency of the arrest itself.

5

1 2017 he spoke with Rivera, who told him that "she had [the] phones taken for investigation on [July 15, 2017] and they were waiting for a search warrant." (*Id.* at 6.)

Defendants argue that the confiscation of plaintiff's cell phones on July 15, 2017 constituted a seizure incident to arrest in order to preserve evidence and is therefore exempt from the Fourth Amendment's warrant requirement. (Motion at 4-5 (citing *Knowles v. Iowa*, 525 U.S. 113, 116-117 (1998).) However, the incident-to-arrest exception applies only when a proper arrest has occurred. *See Menotti v. City of Seattle*, 409 F.3d 1113, 1153 (9th Cir. 2005) (finding a search and seizure unlawful where no arrest was made, even though probable cause for an arrest existed). For the reasons stated herein, plaintiff has adequately alleged an invalid arrest. (*See supra*, III.A.)

However, to establish liability under Section 1983, a plaintiff must show that an individual defendant personally participated in the alleged constitutional violation. *See, e.g.*, *Avalos v. Bacca*, 596 F.3d 583, 587 (9th Cir. 2010). Williams fails to allege that defendants Padilla and Yamashita were involved in the seizure of his cell phones.

Accordingly, regarding plaintiff's claim for seizure of his cell phones, the Court **GRANTS IN PART** defendants' motion as to defendants Padilla and Yamashita and **DENIES** defendants' motion as to the remaining defendants. Plaintiff's claim as to defendants Padilla and Yamashita is **DISMISSED WITHOUT PREJUDICE**, and Williams may file an amended complaint to the extent that he can allege facts that suggest that Padilla and Yamashita personally participated in the seizure of plaintiff's cell phones.

**C. Plaintiff's Fourth Amendment Claims Regarding Seizure of His Vehicle**

Williams alleges that Yamashita and Rivera directed the seizure of his vehicle despite the fact that he had a valid registration. (Compl. at 4, 6.) Williams further alleges that he noted that the tow-away provision was only in effect the first and third Tuesday of the month and that he explained to the officers that he slept in the vehicle every night, that other trucks were parked in the area, and that he was attempting to reach his daughter to move the vehicle. (*Id.* at 4.)

Defendants argue that, "[b]ased on Plaintiff's allegations, the towing of Plaintiff's vehicle was reasonable under the community caretaking doctrine." (Motion at 5.) Specifically, defendants assert that because the tow-away zone would go into effect three days after Williams'

arrest, on July 18, 2017, and Williams was in custody from July 15, 2017 until August 28, 2017, his vehicle was properly towed to "protect the vehicle form vandalism or theft, or to protect public safety and the flow of traffic, under the 'community caretaking' doctrine." (*Id.* (citing *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1025 (9th Cir. 2009).) Defendants also point to California Vehicle Code section 22651(h)(1), which authorizes removal of a vehicle where an officer arrests a person in control of the vehicle and takes that person into custody. (*Id.* (citing *Hupp v. City of Walnut Creek*, 389 F.Supp.2d 1229, 1233 (N.D. Cal. 2005) (rejecting constitutional challenge to section 22651(h)(1)).)

Defendants have failed to show, based on the pleadings, that Williams could not possibly have retrieved his car prior to the tow-away zone taking affect. *C.f. Ramirez*, 560 F.3d at 1025 (finding that where there is *nothing* in the record indicating that arrestee could return to retrieve his car, impoundment was reasonable under the community caretaking doctrine). Here, the record suggests that Williams may have been able to get one of his daughters to retrieve the vehicle or may have been released prior to the tow-away zone taking effect on Tuesday, July 18, 2017.[9] Moreover, on this record, defendants have not made any showing that Williams' vehicle would have been at risk of vandalism, theft, causing harm to public safety, or impeding the flow of traffic.

However, Williams fails to allege that defendant Padilla was involved in the seizure of his vehicle. As noted above, to establish liability under Section 1983, a plaintiff must show that the individual defendant personally participated in the alleged constitutional violation. *See, e.g.*, *Avalos*, 596 F.3d at 587.

Accordingly, regarding plaintiff's claim for seizure of his vehicle, the Court **GRANTS IN PART** defendants' motion as to defendant Padilla and **DENIES** defendants' motion as to the remaining defendants. Plaintiff's claim as to defendant Padilla is **DISMISSED WITHOUT PREJUDICE**, and Williams may file an amended complaint to the extent that he can allege facts that suggest that Padilla personally participated in the seizure of plaintiff's vehicle.

---

[9] At the time of the arrest, defendants could not have known the length of incarceration.

7

United States District Court
Northern District of California

**D. Plaintiff's Fourth Amendment Claims Regarding Search of His Cell Phones**

In support of his claim of illegal search of his cell phone, Williams alleges that he "believes the phone was compromised and searched without his permission . . ." and "[i]t is plaintiff[']s belief that his phone was comprimed [sic] because emails have been deleted that were saved." (Compl. at 6.)

Williams does not allege any of the individual defendants were involved in the search of his cell phone. As noted above, to establish liability under Section 1983, a plaintiff must show that the individual defendant personally participated in the alleged constitutional violation. *See, e.g.*, *Avalos*, 596 F.3d at 587. Moreover, plaintiff's allegations in support of his claim of a search fail to "nudge . . . claims across the line from conceivable to plausible." *Larios v. Lunardi*, No. 2:15-cv-02451-MCE-CMK, 2017 WL 1383269, at * 3 (E.D. Cal. April 18, 2017) (quoting *Twombly*, 550 U.S. at 570).

Accordingly, the Court **GRANTS** defendants' motion as to plaintiff's Fourth Amendment claim for search of his cell phone, and that claim is **DISMISSED WITHOUT PREJUDICE** and with leave to amend. Williams may file an amended complaint to the extent that he can allege specific facts, including who conducted or authorized the alleged search and how, that provide support for his allegation that defendants searched his phone in violation of the Fourth Amendment.[10]

**E. Plaintiff's *Monell* Claims Regarding Racial Profiling and Inadequate Training**

Local governments are "persons" subject to liability under 42 U.S.C. Section 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).[11] However, a city or county may not be held vicariously liable for the

---

[10] The Court notes that although Williams may not be in the best position to ascertain and present facts relevant to what occurred while his phones were in defendants' possession, he may be able to provide additional details. For example, Williams would know whether his cell phone had a passcode lock at the time of his arrest.

[11] Local governing bodies therefore may be sued directly under Section 1983 for monetary, declaratory or injunctive relief for the violation of federal rights. *See Monell*, 436 U.S. at 690. They are absolutely immune from liability for punitive damages under Section 1983, however. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

8

unconstitutional acts of its employees under the theory of respondeat superior. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691; *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995). To impose municipal liability under Section 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation marks omitted)); *see Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

Williams avers that the City, the Chief of Police, and the OPD oversaw a practice of "engag[ing] in the racial profiling of black males. The city, chief, and Oakland Police Dept have not been properly trained or doesn't train its employees against racial profiling, discrimination and the illegal taking of 'people of color' vehicles." (Compl. at 3 (quotations in original).) Williams appears to allege further that this practice of employing racial profiling and discrimination, especially as to African-American men, resulted in officer defendants' search and seizure of Williams person and property in violation of the Fourth Amendment. (*Id.* at 3, 5, 6, 8.)

Defendants argue that Williams fails to state a claim for relief under *Monell* because he: (1) "cannot state a viable claim that any OPD officer violated his constitutional rights"; (2) has not alleged that the "purported policy or practice of racial profiling, or inadequate training, was the cause-in-fact- or proximate cause of the seizure of Plaintiff's vehicle or cell phones or the alleged search of his phone"; and (3) has alleged "no facts to support any element of a *Monell* or supervisory claim." (Motion at 7.) The Court disagrees.

First, for the reasons stated herein, Williams has stated more than one viable claim that an OPD officer violated his constitutional rights. (*See, supra* III.A, B, C.) Second, although Williams does not use the phrase "proximate cause," with the lens of granting plaintiff all reasonable inferences in his favor, the Court finds plaintiff has alleged that that the purported policy or practice of racial profiling and discrimination, resulting in part from inadequate training,

was the cause-in-fact of the constitutional violations articulated in his complaint. (*See, e.g.*, Compl. at 6 (averring that "his truck was illegally towed and punished by the officer's rush to judgment, discrimination, racial profiling, and misconduct of all involved").) Finally, and for the reasons stated above, Williams has alleged facts to support the elements of a *Monell* claim. He has alleged deprivation of a constitutional right, the existence of a policy or practice, that the policy or practice amounts to deliberate indifference to his constitutional rights, and that the policy is the moving force behind the aforementioned constitutional violation. *See Oviatt By and Through Waugh*, 954 F.2d at 1474. Accordingly, the Court **DENIES** defendant's motion as to plaintiff's *Monell* claims regarding racial profiling, discrimination, and inadequate training as to any surviving claim.

### IV. CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

1. Defendant's motion regarding plaintiff's claim of wrongful detention in violation of the Fourth Amendment is **DENIED**.
2. Defendants' motion regarding plaintiff's claim for seizure of his cell phones is **GRANTED IN PART**, as it applies to defendants Padilla and Yamashita, and **DENIED** as to remaining defendants. Plaintiff's claim as to defendants Padilla and Yamashita is **DISMISSED WITHOUT PREJUDICE** and with leave to amend.
3. Defendants' motion regarding plaintiff's claim for seizure of his vehicle is **GRANTED IN PART,** as it applies to defendant Padilla, and **DENIED** as to remaining defendants. Plaintiff's claim as to defendants Padilla is **DISMISSED WITHOUT PREJUDICE** and with leave to amend.
4. Defendants' motion as to plaintiff's Fourth Amendment claim for search of his cell phone is **GRANTED**. Plaintiff's claim of illegal search of his cell phone is **DISMISSED WITHOUT PREJUDICE** and with leave to amend.
5. Defendants' motion regarding plaintiff's *Monell* claims of unconstitutional racial profiling, discrimination, and inadequate training is **DENIED**.

Accordingly, Williams may file an amended complaint containing facts that suggest the

following: (1) that Padilla and Yamashita personally participated in the seizure of plaintiff's cell phones; (2) that Padilla personally participated in the seizure of plaintiff's vehicle; and (3) that defendants searched his phone in violation of the Fourth Amendment, including (i) who conducted or authorized the alleged search and how and (ii) the condition of the phone when it was taken by defendants such that it could be searched. To the extent Williams has a basis for filing an amended complaint containing this information, he must file the amended complaint by no later than **Monday, September 10, 2018**. Defendants shall file their response by **Friday, September 21, 2018**.

In the event that Williams declines to file an amended complaint, the following claims will remain: (1) wrongful detention in violation of the Fourth Amendment as against all individual defendants; (2) unlawful seizure of plaintiff's cell phones in violation of the Fourth Amendment as against Rivera; (3) unlawful seizure of plaintiff's vehicle in violation of the Fourth Amendment as against Rivera and Yamashita; (4) *Monell* claims of unconstitutional racial profiling, discrimination, and inadequate training against the municipal defendants. If Williams does not file an amended complaint by Monday, September 10, 2018, defendants shall file their response to plaintiff's remaining claims no later than **Friday, September 21, 2018**.

The Court advises plaintiff that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available in the Clerk's office or through the Court's website, http://cand.uscourts.gov/pro-se.

Assistance is available through the Legal Help Center. **There is no fee for this service**. Parties can make an appointment to speak with an attorney who can provide basic legal information and assistance. The Help Center does not see people on a "drop-in" basis, and will not be able to represent parties in their cases. There is no charge for this service. To make an appointment with the Legal Help Center, you may: (1) sign up in person on the appointment book outside the Legal Help Center offices at the San Francisco Courthouse, located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California or the Oakland Courthouse, located at 1301 Clay Street, 4th Floor, Room 470S, Oakland, California; (2) call 415-782-8982; or (3) email federalprobonoproject@sfbar.org. The Help Center's website is available at

https://cand.uscourts.gov/legal-help.

Additionally, the Court continues to **Monday, October 1, 2018** the initial case management conference currently scheduled for August 27, 2018.

This Order terminates Dkt. No. 17.

**IT IS SO ORDERED.**

Dated: August 20, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**