# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT LAWRENCE WILLIAMS,**<br>Plaintiff**,**<br>vs.<br>**CITY OF OAKLAND, ET AL.,**<br>Defendants**.** | CASE NO. 17-cv-05238-YGR<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR ADMISSION OF NEW EVIDENCE AND SETTING OF HEARING DATE FOR MEDIATION**<br><br>Re: Dkt. Nos. 30, 36 |

On October 1, 2018, the Court held a case management conference in the instant matter. (Dkt. No. 41.) During the conference, the Court discussed with the parties plaintiff's pending motions for admission of new evidence (Dkt. No. 30) and setting of hearing date for mediation (Dkt. No. 36). As stated on the record, and confirmed herein, both are **DENIED.**

The Court **REFERS** the parties to a magistrate judge for settlement conference to be completed by no later than December 31, 2018.

Moreover, during the October 1, 2018 conference, defendants City of Oakland, et al indicated that they may file a motion for summary judgment against plaintiff Robert L. Williams in this matter. Ninth Circuit authority indicates that self-represented plaintiffs should be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions. *See Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998); *Woods v. Carey*, 684 F.3d 934, 935, 940-41 (9th Cir. 2012). Accordingly, the Court provides the following notice to plaintiff:

> Defendant is making [or may make] a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure which, if granted, will end your case by granting judgment in favor of Defendant. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally,

summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e). The evidence in those documents must contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment may be entered against you. If summary judgment is granted in favor of the defendant, your case will be dismissed and there will be no trial.

*See Rand*, 154 F.3d at 962-63.

This Order terminates Docket Numbers 30 and 36.

**IT IS SO ORDERED.**

Dated: October 3, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**